IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JOHNATHAN WILLIAM BAFFORD,

                    Plaintiff,

          v.                                    CASE NO.08-3161-SAC

MRS. REVERS, et al.,

                    Defendants.


                         **O R D E R**

          This matter is before the court on a civil rights complaint
filed under 42 U.S.C. § 1983 by a prisoner while incarcerated in the
Larned Correctional Mental Health Facility in Larned, Kansas.[1]  Also
before the court is plaintiff's motion for leave to proceed in forma
pauperis under 28 U.S.C. § 1915.

          *Motion for Leave to Proceed in Forma Pauperis*

          Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full
$350.00 filing fee in this civil action.   If granted leave to
proceed in forma pauperis, plaintiff is entitled to pay this filing
fee over time, as provided by payment of an initial partial filing
fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by
the periodic payments from plaintiff's inmate trust fund account as
detailed in 28 U.S.C. § 1915(b)(2).   As any funds advanced to the
court by plaintiff or on his behalf must first be applied to

---

[1]The docket sheet reflects plaintiff's subsequent transfer to
the Hutchinson Correctional Facility.

plaintiff's outstanding fee obligations,[2] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee.  Once these prior fee obligations have been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

*28 U.S.C. § 1915A Screening of the Complaint*

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).

Plaintiff complains of being wrongfully held in LCMHF for behavioral reasons rather than mental treatment, and claims he is entitled to be placed in general population at a regular correctional facility.  Plaintiff further states the grievance he submitted on this issue was improperly treated as a non-grievable complaint about his classification, rather than as an administrative attempt to resolve a constitutional claim.

To allege a valid claim under 42 U.S.C. § 1983, a plaintiff must assert the denial of a right, privilege or immunity secured by

---

[2]*See* Bafford v. Nelson, D.Kan. Case No. 01-3224-GTV (remainder of $150.00 district court filing fee); Bafford v. Simmons, D.Kan. Case No. 02-3253-GTV ($150.00 district court filing fee); Bafford v. Simmons, 10th Cir. Appeal No. 04-3136 ($255.00 appellate filing fee); Bafford v. Pokorski, D.Kan. Case No. 07-3230-SAC ($350.00 district court filing fee); Bafford v. Hoshaw, Case No. 08-3092-SAC ($350.00 district court filing fee); Bafford v. McNickel, Case No. 08-3095-SAC ($350.00 district court filing fee).

federal law.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).
Having reviewed the record, the court finds plaintiff's allegations
are insufficient to plausibly establish any violation of plaintiff's
constitutional rights.

Generally, changing an inmate's classification does not
implicate a liberty interest protected by the United States
Constitution.  *See* Meachum v. Fano, 427 U.S. 215, 225 (1976)(Due
Process Clause does not bar inmate's transfer to another prison with
more restrictive conditions of confinement).  Here, plaintiff
alleges no state-created liberty interest in avoiding transfer to a
mental health correctional facility, and alleges nothing to suggest
his confinement in that facility constituted an "atypical and
significant hardship" by subjecting him to conditions different from
those ordinarily expected in the service of his sentence.  Sandin v.
Conner, 515 U.S. 472, 484 (1995).  Accordingly, plaintiff's transfer
and confinement in LCMHF implicate no constitutional right or
protected interest.

Additionally, to the extent plaintiff alleges prison officials
improperly handled and denied his administrative grievance, such
allegations fail to state a claim for relief because a prisoner has
no constitutional right to either a grievance or a particular
response.

> "Prisoners are not constitutionally entitled to a
> grievance procedure and the state creation of such a
> procedure does not create any federal constitutional
> rights. Prisoners do have a constitutional right to seek
> redress of their grievances from the government, but that

3

right is the right of access to the courts, and this right
is not compromised by the failure of the prison to address
his grievances."

Wilson v. Horn, 971 F.Supp. 943, 947 (E.D. Pa. 1997), *aff'd*, 142
F.3d 430 (3d Cir. 1998)(Table).  *See also* Baltoski v. Pretorius, 291
F.Supp. 2d 807, 811 (N.D.Ind. 2003)(dismissing claims that
corrections officers violated plaintiff's rights by failing to
respond to his complaints, noting "the First Amendment's right to
redress of grievances is satisfied by the availability of a judicial
remedy")(citation omitted).

*Notice and Show Cause Order to Plaintiff*

Accordingly, for the reasons stated herein, the court directs
plaintiff to show cause why the complaint should not be dismissed as
stating no claim for relief.[3]   See 28 U.S.C. § 1915(e)(2)(B)(ii)
("Notwithstanding any filing fee, or any portion thereof, that may
have been paid, the court shall dismiss the case at any time if the
court determines that...the action...fails to state a claim on which
relief may be granted").  The failure to file a timely response may
result in the complaint being dismissed without further prior notice
to plaintiff.

---

[3]Plaintiff is advised that dismissal of the complaint under 28
U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C.
§ 1915(g), a "3-strike" provision which prevents a prisoner from
proceeding in forma pauperis in bringing a civil action or appeal if
"on 3 or more prior occasions, while incarcerated or detained in any
facility, [the prisoner] brought an action or appeal in a court of
the United States that was dismissed on the grounds that it is
frivolous, malicious, or fails to state a claim upon which relief
may be granted, unless the prisoner is under imminent danger of
serious physical injury."

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2) after plaintiff's prior filing fee obligations have been satisfied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 4th day of September 2009 at Topeka, Kansas.


_s/ Sam A. Crow_____
SAM A. CROW
U.S. Senior District Judge